UNITED STATES v. CATTUS.

(Circuit Court of Appeals, Second Circuit.   January 12, 1909.)

No. 135 (5,014).

1. CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—ARTIFICIAL SHAMROCKS—"TOYS"
   —"ARTIFICIAL LEAVES."
       Artificial shamrocks are not "toys," within the meaning of Tariff Act
   July 24, 1897, c. 11, § 1, Schedule N, par. 418, 30 Stat. 191 (U. S. Comp.
   St. 1901, p. 1674), but are dutiable as "artificial leaves, under paragraph
   425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675).
       [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*
       For other definitions, see Words and Phrases, vol. 8, pp. 7038, 7818.]

2. CUSTOMS DUTIES (§ 37*)—"TOYS."
       Toys are playthings for the amusement of children, used throughout,
   or in different seasons of, the year; and artificial shamrocks, that are
   used by the Irish of all ages as a national emblem and are not com-
   mercially known as "toys," are not toys, though usually to be obtained
   in toy shops.  Not everything in a toy shop is a toy.
       [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 144; Dec.
   Dig. § 37.*]

Appeal from the Circuit Court of the United States for the South-
ern District of New York.

The court below, without opinion, reversed a decision by the Board
of United States General Appraisers, which had affirmed the assess-
ment of duty by the collector of customs at the port of New York.

D. Frank Lloyd, Asst. U. S. Atty.

John G. Duffy (Everit Brown and Kammerlohr & Duffy, on the
brief), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.  The goods in question are artificial sham-
rocks made of silk and metal, silk chief value.  They have been as-
sessed as artificial leaves, under Tariff Act July 24, 1897, c. 11, § 1,
Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675),
the relevant portion of which is:

"And artificial or ornamental feathers, fruits, grains, leaves, flowers, and
stems or parts thereof, of whatever material composed, not specially provided
for in this act, fifty per centum ad valorem."

The importers claimed they should have been assessed as toys under
paragraph 418:

"Dolls, doll heads, toy marbles of whatever materials composed, and all
other toys not composed of rubber, china, porcelain, parian, bisque, earthen
or stone ware, and not specially provided for in this act, thirty-five per
centum ad valorem."

The judge of the Circuit Court sustained the contention of the im-
porter.  Though these articles are imported by toy dealers and are
generally sold in toy shops, they are sold as shamrocks, and are used
by the Irish of all ages as a national emblem on St. Patrick's Day.

Toys are playthings for the amusement of children, used throughout, or in different seasons of, the year.

The importer relies on the case of Cadwalader v. Zeh, 151 U. S. 171, 14 Sup. Ct. 288, 38 L. Ed. 115, which holds that words in the tariff act which have an established commercial meaning must be understood in that sense, even if different from the ordinary meaning. These articles have no established commercial designation as toys. They are sold as shamrocks; and, though they are usually to be obtained in toy shops, not everything in a toy shop is a toy—e. g., baseballs and bats, firecrackers, bows and arrows, checkerboards, playing cards, etc.

Judgment reversed.