HAMBURGER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 28, 1910.)

No. 5,301.

1. Customs Duties (§ 37*)—Boutonnieres—"Artificial Flowers"—"Toys."
   Imitation roses of celluloid and metal, which are worn as boutonnieres, chiefly by children on occasions of frolic and fun, and are also used as gifts in prize packages, are not "toys" within the meaning of Tariff Act

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

July 24, 1897, c. 11, § 1, Schedule N, par. 418, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1674), but are dutiable as "artificial * * * flowers," under paragraph 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 1, p. 516; vol. 8, pp. 7036, 7818.]

2. CUSTOMS DUTIES (§ 19*)—TOYS—ARTICLES SOLD BY TOY DEALERS.

Articles do not become dutiable as toys because of the mere fact that they are imported and generally sold by toy dealers, nor because they may be used chiefly by children.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 19.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Brown & Gerry (Allan R. Brown, of counsel), for importers.

D. Frank Lloyd, Asst. Atty. Gen. (William K. Payne, Deputy Asst. Atty. Gen., of counsel), for the United States.

HAZEL, District Judge. The merchandise in question consists of imitation roses made of celluloid and metal, and worn as boutonnieres, chiefly by children on occasions of fun and frolic, and also used as gifts found in prize packages. The evidence shows that they are generally sold for two to five cents each at toy stores. They were invoiced as "rose pins," and the importers contend that they are properly classifiable as "toys," under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 418, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1674), at 35 per cent. ad valorem. The Board of General Appraisers, however, affirming the collector, held that they were assessable for duty as artificial flowers, under paragraph 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), at 50 per cent. ad valorem, under the tariff act of 1897.

There is some testimony tending to show that articles of this description were generally known as toys prior to the enactment of the law of 1897; but such testimony in relation to commercial designation as toys is insufficient to establish the claim. The mere fact that they were imported by dealers in toys, and are generally sold by such dealers, of course, does not justify taking such articles out of the provision under which the assessment was made, which in terms includes "artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed." The case of U. S. v. Cattus, 167 Fed. 532, 93 C. C. A. 64, presented a somewhat similar question, except that there the articles were known as "shamrocks." It was there contended that the "shamrocks" were toys, within the meaning of the tariff act; but the court, remarking in its opinion that "toys are playthings for the amusement of children," held such articles did not come within that definition. The testimony in the case is to the effect that the adornments or rose pins are chiefly used by children; yet they are clearly not toys or playthings, as those terms are ordinarily understood.

The decision of the Board is affirmed.